UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOHN STOLTZFUS,<br>JOHN RIEHL, | )<br>)<br>) | |
| Petitioners, | )<br>) | |
| v. | )<br>) | No. 2:17-cv-00371-JMS-MJD |
| STATE OF INDIANA,<br>COUNTY OF PARKE STATE OF INDIANA, | )<br>)<br>) | |
| Respondents. | ) | |

**ORDER**

Plaintiffs have attempted to remove four cases to this Court from Parke Circuit Court based on 28 U.S.C. § 1443. [Filing No. 1.] Pursuant to 28 U.S.C. § 1443, a criminal action commenced in a State court may be removed by a defendant to the district court if it is an action:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or]
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

However, removal under § 1443 is only available in limited circumstances.

With regard to subpart (1), "[t]he Supreme Court has interpreted the statute to apply only if the right alleged arises under a federal law providing for civil rights based on race and the petitioner must show that he cannot enforce the federal right due to some formal expression of state law." *State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997) (citing *Georgia v. Rachel*, 384 U.S. 780 (1966); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 621 (1979)). "The

1

vindication or protection of statutes or constitutional provisions concerning general rights applicable to all citizens, rather than couched in the specific language of racial equality, will not provide a basis for removal under 28 U.S.C. § 1443." *Indiana v. Kimoni-Bey*, 2009 WL 3200684, at *1 (S.D. Ind. Sept. 24, 2009) (citations omitted). Plaintiffs' allegations in their Notice of Removal fail to identify any applicable state law, and instead seek to vindicate general rights applicable to all citizens. As such, their notice of removal is not permitted under 28 U.S.C. § 1443(1).

28 U.S.C. § 1443(2), on the other hand, is "limited to enforcement activity by federal officers and those acting under them." *Application of Cty. Collector of Cty. of Winnebago, Ill.*, 96 F.3d 890, 897 (7th Cir. 1996) (quoting *Greenwood v. Peacock,* 384 U.S. 808 (1966)). As such, Plaintiffs' Notice of Removal is not permitted by 28 U.S.C. § 1443(2).

As a result of the foregoing, all pending Motions filed by Plaintiffs in this case [7] [8] [9] are DENIED as MOOT and these matters are remanded to the Parke Circuit Court. In addition, the Court STRIKES the liens, which Plaintiffs have styled as Counterclaims, [4] [5]. A separate order of remand, consistent with Rule 58 of the Federal Rules of Civil Procedure, shall now issue.

Date: 1/30/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution via U.S. Mail:
John Stoltzfus, PO Box 199, Montezuma, IN 47862
John Riehl, PO Box 199, Montezuma, IN 47862

Distribution via ECF only to all Counsel of Record

2